J-A29030-14

2014 PA Super 284

IN RE: K.H.B., A/K/A BABY GIRL J., : IN THE SUPERIOR COURT OF
A/K/A K.J., A MINOR : PENNSYLVANIA
:
:
:
APPEAL OF: ALLEGHENY COUNTY OFFICE :
OF CHILDREN, YOUTH AND FAMILIES : No. 731 WDA 2014

Appeal from the Order entered April 7, 2014
in the Court of Common Pleas of Allegheny County, Civil
Division, at No(s): TPR 172 of 2013

IN RE: K.H.B., A/K/A BABY GIRL J., : IN THE SUPERIOR COURT OF
A/K/A K.J., A MINOR : PENNSYLVANIA
:
:
:
APPEAL OF: ALLEGHENY COUNTY OFFICE :
OF CHILDREN, YOUTH AND FAMILIES : No. 732 WDA 2014

Appeal from the Orders entered April 7, 2014
in the Court of Common Pleas of Allegheny County,
Orphans' Court, at No(s): TPR 172 of 2013

BEFORE: FORD ELLIOTT, P.J.E., ALLEN, and STRASSBURGER,* J.

CONCURRING OPINION BY STRASSBURGER, J.:

**FILED DECEMBER 23, 2014**

I agree that the trial court's decision not to terminate the parental

rights of Mother and Father under the facts of this case was reversible error

for the reasons stated in the Majority's analysis of CYF's first question on

appeal.

However, I do not join the Majority's disposition of CYF's second

question regarding post-adoption contact agreements. I do not read the

cited provisions of the Adoption Act to preclude the conditioning of

*Retired Senior Judge assigned to the Superior Court.

termination of parental rights upon an agreement for continuing contact between a child and his or her biological parents. While the facts of the instant case do not warrant it, I am not prepared to say that a trial judge may never utilize such a condition if it serves the best interests of the child.